(54 Misc. 633)

### ROSENTHAL v. EMPIRE BRICK & SUPPLY CO.

#### (Supreme Court, Appellate Term. June 6, 1907.)

CONTRACTS—CONSTRUCTION—STIPULATION AS TO TIME.

    A brick company made a contract with a builder to furnish the masons' materials for the construction of certain houses at a fixed price; "it being understood that all the hard brick will be received by you before December 1, 1905." *Held*, that the brick company was bound to supply sufficient brick to complete the buildings at the price named, without regard to December 1st; that date being important only as fixing the time by which the plaintiff was required to receive them, if delivered.

Appeal from City Court of New York, Special Term.

Action by Joseph Rosenthal against the Empire Brick & Supply Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Benjamin F. Edsall, for appellant.

Walter J. Rosenstein, for respondent.

PER CURIAM. The plaintiff, a builder, sued the defendant brick company for damages for breach of contract. The contract arose on the proposal of defendant and the plaintiff's acceptance. In substance it was, as far as material:

    "We propose to furnish you all the masons' materials required for the construction of seven houses on the south side of Thirty-Fourth street, 100 feet west of Amsterdam avenue, this city, all to be delivered at the following prices and conditions: Hard brick at the market price, guarantied not to exceed $9.50 per thousand; it being understood that you will require about 3,000,000 to complete the operation, and that all the hard brick will be received by you before December 1, 1905."

Plaintiff, in the construction of his buildings, received close to 2,000,000 of brick. Towards the end of November plaintiff in writing demanded of defendant sufficient brick to complete his buildings, stating that, if defendant was not ready to deliver that quantity at that time, he expected them to deliver brick after December 1st at contract price of $9.50 per thousand. Defendant replied that he would be treated properly. On December 1st there were required to finish the buildings about 300,000 brick. Defendant's representative told plain-

tiff that if they furnished him any more brick after December 1st he would have to sign a new contract to pay $11 per thousand. Defendant refused. After that date defendant furnished to plaintiff 54,000 brick, for which he had to pay $11 per thousand. Plaintiff, in order to complete his buildings, had to go into the open market and purchase 243,-000 brick at $13 per thousand. He sued defendant for $3.50 per thousand for the 243,000, being the difference between $9.50, the contract price, and $13, which he had to pay, and recovered a verdict for $850.-50. The defendant claimed that it was ready to deliver all of the brick necessary to complete the buildings before December 1st, but plaintiff refused to accept. This and many other questions of fact were submitted to the jury, and their verdict resolved them in favor of the plaintiff. It was proven that the price of brick in the open market at the time that plaintiff purchased the 243,000 was $13 per thousand.

The principal contention arose over the construction of the contract—defendant claiming that the breach occurred on December 1st, and that damages should be measured by the difference between the contract price and the market price at that time, and plaintiff claiming that defendant was bound to supply him with sufficient brick to complete the buildings at $9.50, without regard to December 1st; that that date was important only as fixing the time by which the plaintiff was required to receive them, if defendant delivered them; that, defendant not having delivered them, plaintiff had to go into the open market and purchase what was necessary to complete the buildings; and that the rule of damages was the difference between the contract price and what he paid. We think the plaintiff's construction the correct one. There was nothing ambiguous or uncertain about this language:

"We propose to furnish you all the masons' materials required for the construction of seven houses, * * * all to be delivered at the following prices: * * * Hard brick, * * * guarantied not to exceed $9.50 per thousand."

The hard brick was to be received by December 1st, but it could not be received if defendant did not furnish it: All questions of fact were submitted to the jury, and the defendant's contention that there were errors of law is based on his mistaken theory of the case.

The judgment should be affirmed, with costs.